UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRAULIO LEMUS HERNANDEZ**                                 **CIVIL ACTION**

**VERSUS**                                                  **NO. 21-752**

**BP EXPLORATION & PRODUCTION INC., ET AL.**                **SECTION "B"(2)**

<u>ORDER AND REASONS</u>

Considering plaintiff Braulio Lemus Hernandez's motion to continue the court's scheduling order (Rec. Doc. 23) and defendants BP Exploration & Production, Inc. and BP America Production Company ("BP defendants")'s response in opposition (Rec. Doc. 30),

**IT IS ORDERED** that the motion is **GRANTED**. Fed. R. Civ. P. 16(b)(4) requires good cause and the judge's consent to modify a scheduling order. *See also Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Prot., Inc. v. Folgeman*, 607 F.3d 161, 167 (5th Cir. 2010)) (noting four factors for good cause under Rule 16).

Plaintiff contends: (1) the scientific complexity of the case requires additional time to conduct discovery for expert reports, or risk dismissal on procedural technicalities rather than scientific merit; (2) the pending discovery is relevant to plaintiff's theory of the case; (3) the delay in discovery is due to BP's lengthy review of its contractors' documents for privilege, exacerbated by the inadequate record keeping systems of the contractors and BP defendants; (4) more time is necessary to ensure plaintiff's experts are not overburdened; and (5) plaintiff would be prejudiced without

1

the requested extension, but no prejudice would be imposed upon the BP defendants. Rec. Doc. 23-1. BP defendants argue: (1) the third-party discovery is not designed to generate alternative data for calculating a plaintiff's dose of exposure, instead, Hernandez hopes only to use the discovery to discredit the contractor data; (2) despite knowing the identity and involvement of these third-party contractors since 2010, the Down's group did not act diligently to serve subpoenas upon the BP contractors; and (3) a 90-day continuance would prejudice BP defendants by delaying resolution and increasing litigation expenses. Rec. Doc. 30.

While both parties raise meritorious points, this matter would benefit from a more complete record. Thus, **a limited 90-day continuance for unexpired deadlines** is warranted. Cognizant of Fed. R. Civ. P. 1's directive, the Court cautions that another motion to continue deadlines without a demonstration of good cause will not be treated as favorably.

**IT IS FURTHER ORDERED** that the parties in the above-captioned matter shall attend a **telephonic scheduling conference** on **Tuesday, January 17 at 11:00 a.m.** before the Case Manager, Dena White consistent with the limitations imposed by this order. Parties shall call in for the conference using the phone number **(888) 278-0296** and **access code 6243426.**

New Orleans, Louisiana this 19th day of December, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE

2